**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 1:15-cr-00104-001

**STEVEN ANDREW SHORT**

## MEMORANDUM OPINION AND ORDER

In Bluefield, on August 14, 2019, came the defendant, Steven Andrew Short, in person and by counsel, William s. Winfrey, II; the United States by John L. File, Assistant United States Attorney; and the United States Probation Office by Brett Taylor, United States Probation Officer for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition filed on July 22, 2019, and later amended on August 13, 2019 to reflect that defendant's urine specimen's collected on July 12, 2019 and July 15, 2019, tested positive for Buprenorphine and Norbuprenorphine and also to reflect two other related violations.

The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the

right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant did not challenge the allegations within the petition, and admitted the charges listed in the petition and the addendum.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Accordingly, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds is 12 to 18 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Neither party objected to the Guideline range as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

The court provided counsel for both parties and defendant with an opportunity to speak regarding the appropriate sentence.

Counsel for the defendant moved the court for a downward variance of a 6-month sentence—the government concurred with this motion.  For reasons placed on the record, this motion for a variance was granted.

Pursuant to the Sentencing Reform Act of 1984 and based on the foregoing, the court **ORDERED** that the defendant's current term of supervised release be **REVOKED** and that the defendant serve a term of imprisonment of 6 months with no new term of supervised release.

Upon being sentenced, counsel for the defendant asked that the defendant be treated for Hepatitis and his leg injury. The court agreed to recommend the defendant be examined for medical problems and be treated while incarcerated.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements. The court considered all of the findings in the case and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent

him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 16th day of August, 2019.

        **ENTER:**

        */s/ David A. Faber*
        David A. Faber
        Senior United States District Judge